2 U.S. 44
 2 Dall. 44
 1 L.Ed. 282
 bowen
v.
Douglass
 Philadelphia Court of Common Pleas
 August Sittings, 1790
 2 U.S. 44
 2 Dall. 44
 1 L.Ed. 282
 
 1
 bowen
 
 
 2
 v.
 
 Douglass
 Philadelphia Court of Common Pleas
 August Sittings, 1790
 
 3
 The Plaintiff had taken out a subpoena, returnable to December term last, for two witnesses, who lived in Montgomery County; but as they did not then appear, an attachment, directed to the Sheriff of Montgomery County, was issued, returnable to the succeeding March term; when, likewise, default was made in the appearance of the witnesses; and the cause was continued on a rule for trial at the next term or Non Pros. Another subpoena had been taken out, returnable this day, on which the cause was marked for trial; but it proved as ineffectual as the preceding writs.
 
 
 4
 Under these circumstances, Levy, for the Plaintiff, moved to postpone the trial. He stated (and it was not denied by the opposite counsel) that an application on his part to take the depositions of the witnesses had been refused: And he read a letter from the Sheriff of Montgomery, to show that an attempt had been made to serve the attachment upon the witnesses; a certificate from the doctors to prove that one of the witnesses was sick; and a certificate from disinterested and credible persons to prove that the other witness was out of the way. 1. Dall. Rep. 251. Schlosser v. Lesher.
 
 
 5
 M'Kean, for the Defendant, objected to the postponement; and insisted, that the rule for trial, or Non Pros, ought to be enforced, as the Plaintiff, having neglected to issue a second attachment, had not done every thing in his power to procure the attendance of the witnesses.
 
 
 6
 But, By the Court: It is questionable, whether the Act of Assembly empowers us to issue writs of attachment into another County; and there are other modes of proceeding, equally efficient, and clear of any doubt. It is unnecessary, however, to enlarge at present on this topic; as the Plaintiff has evidently done all in his power to procure the attendance of the witnesses; and the refusal of his overture to take their depositions, is a strong additional circumstance in his favor. The cause must, therefore, be continued, subject to the rule for trial at the next term, or Non Pros: And, in the mean time, we direct, on our own authority, a rule to be entered for taking the depositions of infirm witnesses de bene esse; to be read in evidence upon the trial, in case of death, or inability to attend. To that extent only, however, do we grant the rule; for, we think it would be going too far to add, that the depositions shall be read, in case the witnesses depart from the State.